## Yazoo Delta Mortgage Co. *v.* Hutson.*

(Division A. Nov. 23, 1925.)

[106 So. 5. No. 25189.]

1. APPEAL AND ERROR. *Decree of chancery court not reversed solely for reason that cause in which it was rendered is properly cognizable in law court only.*

    The decree of a chancery court will not be reversed by the supreme court solely for the reason that the cause in which it was rendered is properly cognizable in a court of law only. Section 147, Constitution of 1890.

2. SEQUESTRATION. *Writ of sequestration can only be issued in pending case wherein complaint has been filed and is in reference to personal property; writ of sequestration, issued prior to filing bill of complaint, is irregular, and should be quashed on motion.*

    A writ of sequestration can only be issued in a pending cause wherein the bill of complaint has been filed and is in reference to personal property. Such a writ, issued prior to the filing of the bill of complaint, is irregular, and should be quashed on motion therefor.

---

*Headnotes 1. Appeal and Error, 4 C. J., Section 3179 (Anno); 2. Sequestration, 35 Cyc., p. 1395 (Anno).

APPEAL from chancery court of Humphreys county.
Hon. E. N. Thomas, Chancellor.

Suit by K. S. Hutson against the Yazoo Delta Mortgage Company. From a decree overruling a demurrer to the original bill and a motion to quash a writ of sequestration, defendant appeals. Affirmed in part, and reversed and remanded in part.

*Roberson, Yerger & Cook,* for appellant.

I. The court below committed error in overruling the demurrer and the motion to quash the writ of sequestration. The demurrer should have been sustained because the bill states nothing more than an action for damages.

It is based on an alleged debt. It is of legal and not equitable cognizance. There is nothing in the bill of complaint which would warrant the issuance of the writ of sequestration, even if the bill of complaint had been filed prior to the issuance of the writ. The cause of action, if any, stated in the bill of complaint was one which a law court should have tried and not a case properly triable in a court of equity.

II. The motion to quash the writ of sequestration should have been sustained, and in overruling the same the lower court committed an error.

Inasmuch as the undisputed evidence, as shown by the stipulation of counsel, is to the effect that *the writ of sequestration was and served an hour or hour and one-half before the bill of complaint was filed,* it follows that the writ could not have been of any legal force. It was issued without authority of law and in plain and complete violation of the statute. Our legislature has wisely provided as to when and how writs of sequestration can be issued. Section 322, Hemingway's Code, section 562, Code of 1906.

There was no suit pending until the bill of complaint was filed, and we understand the rule to be that the filing of a bill of complaint in the chancery court is the beginning of the suit. We know of no exception to the rule. An investigation of the authorities discloses that to begin a suit in the chancery court, a bill of complaint must be filed and until the bill is filed no suit is begun. Our supreme court holds that in the chancery court the filing of the bill is the bringing of the suit. *Meridian National Bank* v. *Hoyt Bros.,* 21 So. 12; *Williams* v. *New York Life Insurance Company,* 132 Miss. 345, 96 So. 97; *Christian* v. *O'Neal,* 46 Miss. 669. The filing of the bill and not the issuance of process is the commencement of suit in the chancery court. *Bacon* v. *Gardner,* 23 Miss. 60.

We find that section 539, Code of 1906, section 296, Hemingway's Code, provides for writs of sequestration for personal property in cases of attachments in chan-

cery; "As in other cases." But in order to get an attachment in chancery, one must first file the bill of complaint. Our attention has never been called to any statute with reference to the writ of sequestration or attachment in chancery which would permit, by any sort of reasonable construction, the issuance of an attachment or the issuance of a writ of sequestration when no bill of complaint had been filed.

We, therefore, contend that the cause should be reversed, or reversed and dismissed, because: (1) No equitable cause of action is stated in the bill. (2) The bill is not "in reference to personal property." (3) No bill of complaint had been filed at the time the writ was issued, nor was one filed until an hour or hour and one-half after the issuance of the writ.

*V. B. Montgomery,* for appellee.

I. *The appellant's demurrer was properly overruled.* This demurrer raised the point that there was no equity upon the face of the bill. They say there was no equity for two reasons: (a) Because complainant, K. S. Hutson, did not claim, or have any lien upon, or right or interest in, or claim to, the mules which were impounded by the writ of sequestration in this matter; (b) because Hutson, simply had an account for debt, a purely legal demand, which could be asserted only in a court of law and was not properly triable in a court of equity.

We admit that authorities and texts may be found which apparently support the above abstract statements. However, this is not the law in Mississippi. *Lee v. Lee,* 135 Miss. 865, 101 So. 345. The case now before this court would never have been brought except for the decision in *Lee v. Lee.*

We based the bill of complaint in this case upon the same allegations of fact. We alleged indebtedness of the defendant to the complainant; we alleged the insolvency of the defendant; and we alleged that the defendant was

about to sell and dispose of the only asset possessed, and would place the proceeds of this sale beyond complainant's reach. The bill of complaint in our case and the Lee case are identical and cannot be distinguished.

II. *The motion to quash the writ of sequestration was properly overruled.* (a) The fact that the bill of complaint was not filed until about an hour and a half after the affidavit and bond had been filed and the writ issued does not invalidate the proceedings. Counsel for the Yazoo Delta Mortgage Company say that the statutes provide for a bill of complaint, and affidavit, and a bond. They say that these *three* things are conditions precedent to the issuance of a writ of sequestration, but see section 322, Hemingway's Code and section 323 (563), Hemingway's Code.

However, under the repeated decisions of this court, it has been held that the sequestration powers of the chancery court exist independently of statute and this court has permitted amendments and corrections of omissions, both as regards the affidavit and even the bond itself. *Dean* v. *Boyd,* 86 Miss. 204, 38 So. 297; Griffith's Chancery Practice, note 6, page 525; *Harleston* v. *West Louisiana Bank,* 126 Miss. 593, 89 So. 257.

We submit, therefore, that the irregularity of not filing the bill of complaint until an hour or an hour and a half after the affidavit and bond had been filed, and the writ had been issued, was *ipso facto,* cured by the filing of the bill of complaint.

No one was, or could have been mislead or injured by the course adopted. The Yazoo Delta Mortgage Company was on the ground and about to sell and dispose of these mules. Quick action was imperative. The printed forms for the affidavit and bond were filled in and executed. It took about an hour or more to prepare and file the bill of complaint. Meantime, the sheriff was on his way to prevent the loss of this only asset.

The bill of complaint was promptly filed, and the defect or irregularity was certainly thereby promptly cured. We

notice that in the United States the writ of sequestration is chiefly employed in Louisiana and Texas, and that in both of these states it serves as a practical substitute for the common-law writ of replevin. 35 Cyc., Sequestration, page 1388.

It will be noted that in replevin proceedings the statute in Mississippi expressly refers to the pleadings and permits the filing of the declaration after issuance of the writ, provided same is filed before the return day of the writ, or before an order of dismissal is taken. Sec. 3061 (4232), Hemingway's Code.

(b) The fact that the bill of complaint did not show that complainant owned or had a lien upon the property sought to be sequestered did not invalidate the writ. *Lee v. Lee,* 135 Miss. 865, 101 So. 345.

(c) The fact that the bill of complaint shows nothing more than a legal demand and a cause of action of which a law court has jurisdiction, does not invalidate the writ. Constitution 1890, section 147; *Day* v. *Harman,* 74 Miss. 489, 21 So. 302.

Argued orally by *Lake Roberson,* for appellant, and *M. V. B. Montgomery,* for appellee.

SMITH, C. J., delivered the opinion of the court.

This is an appeal to settle the principles of the case from a decree overruling both a demurrer to an original bill and a motion to quash a writ of sequestration.

The appellee was the complainant in the court below, and in his bill of complaint alleges that the appellant, who is the defendant therein, owes him the sum of two hundred thirty-eight dollars and sixty-five cents; that it is a corporation in process of liquidation, and is about to sell the only property it owns in Humphreys county, and prays for a writ of sequestration directing the sheriff to seize and hold the said property so that it may be subjected to the payment of the complainant's debt. The facts rela-

tive to the filing of the bill and the issuance of the writ of sequestration are set forth in the following agreement of counsel:

"It is agreed by and between the attorneys in this cause that on the 21st day of February, 1925, an affidavit and bond for a writ of sequestration were executed and filed with the clerk of this court, with the statement that the bill of complaint was being prepared and would be properly sworn to and filed immediately. Thereupon the clerk issued a writ of sequestration which was by the sheriff served on the defendant, and the bill of complaint herein was filed later, possibly an hour or an hour and a half, thereafter on the same day, to wit, the 21st day of February, 1925."

The ground of the demurrer to the bill of complaint is that the cause of action sued on is one cognizant only in a court of law; but, since the court below assumed jurisdiction thereof, its act in so doing cannot here be considered, under section 147 of the Constitution.

One of the grounds of the motion to quash the writ of sequestration is that it was not issued in a pending cause. The issuance of writs of sequestration are governed by sections 562 et seq., Code of 1906 (sections 322 et seq., Hemingway's Code), the first of which is as follows:

"When a bill is filed in the chancery court in reference to personal property, and affidavit and bond as required therefor is made and filed, the clerk of the court shall issue a writ of sequestration."

The power of a chancery court under this section is limited to the issuance of a writ of sequestration in a pending cause in which the bill of complaint is in reference to personal property. Consequently, such a writ, issued when no cause is pending or wherein the bill is not of the required character, is irregular, if not void. If authority for so holding be desired, it may be found in the holdings of this court on the appointment of a receiver, which question is analogous hereto. *Bank* v. *Hardy,* 94 Miss. 587, 48 So. 731, and authorities there cited.

The decree will be affirmed in so far as it overrules the demurrer, but reversed in so far as it overrules the motion to quash the writ of sequestration.

*Reversed and remanded.*